**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TREMAINE D. OLIVER,

      Petitioner,

  v.

BARNES B. GOWER,

      Respondent.

_____/

No. C 15-03556 MEJ (PR)

**ORDER TO SHOW CAUSE**

    Petitioner, a prisoner currently incarcerated at the California Correctional Center – Susanville, has filed a <u>pro se</u> petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Contra Costa County Superior Court.  Petitioner has paid the filing fee.

## BACKGROUND

    According to the petition, on or about February 28, 2012, Petitioner was convicted of kidnapping for robbery and rape (Cal. Penal Code §§ 209, 211); torture (Cal. Penal Code § 206); rape in concert (Cal. Penal Code § 264.1); and forcible oral copulation (Cal. Penal Code § 288a).  <u>See</u> Docket No. 1 ("Pet.") at 1.[1]  He was sentenced to fifty-four years to life in state prison.  <u>Id.</u> at 1.  On December 5, 2014, the California Court of Appeal affirmed his conviction, and on February 25, 2015, his petition for review was denied by the California Supreme Court.  <u>Id.</u> at 2.  Petitioner reports that he did not file any state habeas petitions before filing this action.  <u>Id.</u> at 3.  The instant action was filed on August 3, 2015.

---

[1]The Court refers to the pages assigned to the petition by the Court's electronic docketing system which can be found at the top of each page.

1

2

**DISCUSSION**

3

**A.**    **Standard of Review**

4

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

5

custody pursuant to the judgment of a state court only on the ground that he is in custody in

6

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

7

Rose v. Hodges, 423 U.S. 19, 21 (1975).

8

A district court shall "award the writ or issue an order directing the respondent to

9

show cause why the writ should not be granted, unless it appears from the application that the

10

applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

11

**B.**    **Petitioner's Claims**

12

As grounds for federal habeas relief, Petitioner claims that: (1) the trial court erred in

13

denying his denying his request to represent himself; (2) the evidence was insufficient to

14

support his conviction for rape; (3) the trial court erred in excluding cross-examination and

15

evidence about the victim's sexual encounters; (4) instructional error in instructing the jury to

16

"not speculate;" and (5) instructional error in refusing to three proposed jury instructions.

17

Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an answer

18

from Respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts

19

must construe pro se petitions for writs of habeas corpus liberally).

20

**CONCLUSION**

21

1.    The Clerk shall serve by mail a copy of this order and the petition and all

22

attachments thereto (Docket No. 1), as well as a magistrate judge jurisdiction consent form,

23

upon the Respondent and the Respondent's attorney, the Attorney General of the State of

24

California.  The Clerk shall also serve a copy of this order on Petitioner.

25

2.    Respondent shall file with the Court and serve on Petitioner, within **ninety-one**

26

**(91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the

27

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

28

be granted based on the claims found cognizable herein.  Respondent shall file with the

answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3.    Respondent may file, within **ninety-one (91)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4.    Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

DATED:    October 30, 2015                    _____
                                             Maria-Elena James
                                             United States Magistrate Judge

**United States District Court**
For the Northern District of California

3